HENRY LEVY and wife CATHARINE v. LUCIUS GRIFFIS and others.

Where a husband purchased and paid for a lot of land, and procured the vendor to convey it by a deed of bargain and sale to a trustee in trust for the sole and separate use of the wife, " to dispose of to any person she may wish by deed or appointment in writing in the nature of a will," and she having died without disposing of the land by deed or will, *it was held* that, as the trust was not declared for her and her heirs, there was a contingent resulting trust in favor of her husband, which upon his death intestate before his wife had descended to his heir-at-law.

A devise to a trustee in trust for the sole and separate use of a married woman with a power given to her of appointing the estate in fee by deed or will, will vest the trust in her in fee under the Rev. Code, ch. 119, sec. 26, and it will not be inconsistent with the power of appointment, because without such power she could not dispose of real estate by will while she remained a married woman.

The distinction between executory and executed trusts, and the doctrine of powers of appointment given to any person, and particulary to a married woman, discussed and explained.

At the Fall Term, 1870, of the Superior Court of WAKE County the following case agreed without an action was submitted to his Honor, *Judge Watts.* One A. Nicholson purchased of the defendant, Bunting, a certain lot of land, paid a full and fair price for it, and had it conveyed to the defendant, Briggs, and his heirs " in trust for the sole, separate and exclusive use and benefit of Caroline Nicholson, free from the control of her present or any future husband," &c., " with the right of the said Caroline to dispose of the said piece or lot of land to any person she may wish by deed or appointment in writing in the nature of a will." The *feme* plaintiff Catharine Levy, is the only heir at law of the said A. Nicholson who was the husband of the said Caroline Nicholson, and died intestate in the year 1865. Mrs. Caroline Nicholson died intestate in the year 1869, without having exercised the power of appointment given her in the deed

above mentioned, either by deed or a paper writing in the nature of a will, and leaving the defendant Griffis her sole heir at law, who is in possession of the lot of land in question. The only questions presented by the case which it is necessary to state is whether the defendant Briggs holds the legal estate in the land conveyed to him in trust, for the *feme* plaintiff Catharine Levy, or for the defendant, Lucius Griffis. His Honor gave judgment in favor of the plaintiffs, and the defendant, Griffis appealed.

*Bragg & Strong* and *Busbee & Busbee,* for the defendant. *Rogers & Batchelor,* for the plaintiffs.

PEARSON, C. J. A trust of which the scheme is in the outset completely declared is an *executed* trust. If the scheme be imperfectly declared in the outset, and the creator of the trust has merely denoted his ultimate object, imposing on the trustee or on the Court, the duty effectuating it, in the most convenient way, the trust is *executory.*

The requirement to devise means for effectuating the trust, proves that what had been done, is not meant as a conclusive declaration of the terms of the trust. Adams Eq. 40.

A trust for the separate use of A, and at her death for B, and his heirs, is clearly an executed trust, for the creator of the trust has done everything he expected to do, and no duty is imposed on the trustee, or on the Court, to complete a thing left imperfect.

In our case a power is given to Mrs. Nicholson to dispose of the land to any person she may wish ; this was all that the creator of the trust intended to do, and nothing was left to be completed by the trustee or by the Court.

Had Mrs. Nicholson executed the power, by appointing a trust to B and his heirs, the effect would have been the same, as if the trust had been declared in favor of B, in the first instance.

It is a rule in the doctrine of powers, that the use created under the power, takes effect in the same manner as if it had been inserted, instead of the power, in the deed containing the power. Thus, suppose an estate conveyed to the use of A for life, remainder to such uses as she shall appoint—she appoints the estate to B for life remainder to his first and other sons, in tail male. After this appointment is made, it is the same as if the estate had been originally limited to the use of A for life, remainder to the use of B, for life, remainder to his first and other sons in tail male. Coke Lit, 272 note vii, 2.

So, if Mrs. Nicholson had appointed the use to B and his heirs ; after the appointment, it would have been the same as if the trust had been originally limited to her separate use and after her death to the use of B, and his heirs. It follows that the trust was an executed and not an executory trust. It is settled, that an executed trust limited by deed, will have the same construction as if it had been a conveyance of the legal estate. Adams, page 40 says—"The terms in which the trust is declared are interpreted by the ordinary rules of law. It was at one time suggested that the language of a trust might be construed with greater license, than that of a gift at law. But this notion is now at an end." According to the ordinary rules of law a feoffment to A passes an estate for his own life ; an estate of inheritance cannot be created by deed *inter vivos* without the use of the word " heirs." The trust being limited to Mrs. Nicholson without words of inheritance, vested in her only an estate for her own life, and the general power of appointment cannot have the legal effect of enlarging her estate into a fee simple, by any rule of construction applicable to deeds.

Had the power been created by a devise, we are inclined to the opinion upon the authorities cited, that Mrs. Nicholson would have taken an estate in fee simple. A devise to A. and to such persons as he shall appoint, vests the abso-

lute property in A., without an appointment. But if it be to him *for life* and after his death to such person as he shall appoint, he must make an appointment in order to entitle that person to anything. The express life estate to him repels the implication of a fee simple for himself. 1 Sugden on Powers 123, sec. 13. Such, seems to be the law in England. In this State the doctrine that a devise to one with a general power of appointment carries a fee simple, is put beyond all question by statute. Rev. Code, ch. 119, sec. 26, which provides that in a devise, every estate shall be construed to be a fee simple, unless the will shows the contrary intention. The statute of devises excepts femes coverts, and it was necessary to give Mrs. Nicholson a power, to enable her to dispose of the estate. Hence, had it been by will, its insertion is not inconsistent with an intention that she should take a fee simple in the first place. But we are dealing with a deed, and not with a devise.

As no appointment was made under the power, the question whether a power of appointment can be created by a deed of " bargain and sale " or " covenant to stand seized " is not presented. See *Smith* v. *Smith*, 1 Jones 135.

Nor is the question presented whether a deed purporting to be a deed of bargain and sale, may not be taken to be a deed passing the estate, without the ceremony of livery of seizure, as a deed of feoffment by force of the statute. Rev. Code, ch. 37, sec. 1, under the maxim, " *ut res magis valeat quam periat.*"

We are of opinion that the defendant Briggs, holds the legal estate in trust for the plaintiff, Catharine Levy, who is entitled to an estate in fee simple, as the heir-at-law of Anderson Nicholson, who was entitled to a resulting trust, contingent upon the non-execution of the power of appointment.

There is no error.

PER CURIAM.                               Judgment affirmed.