PER CURIAM.                    *Venire de novo.*

---

A. J. and M. C. KING v. DRURY WEEKS and WM. H. THOMAS.

A purchase by a man in his own name with funds in his hands of a fiduciary nature, creates a resulting trust in favor of those money is employed in the purchase.

*Therefore*, where land has been purchased with partnership funds, although it be conveyed to one partner only, yet it becomes partnership property.

CIVIL ACTION, (for the recovery of certain lots in the town of Murphy,) tried before *Gloud, J.*, at Fall Term, 1873, of the Superior Court of CHEROKEE county.

The case as settled and sent up with the record to this Court, states.:

That Drury Weeks, the defendant, as trustee of one Brabson, sold two lots in the town of Murphy, which Brabson had conveyed to him, to secure a debt due to the firm of Thomas & King, and that J. W. King, the father of the plaintiffs in this action, and a member of the firm of Thomas & King, bought the same, and took the deed therefor to himself individually. King paid no money or or other consideration to Weeks, the trustee, but allowed his bid to be credited on Brabsons account, which was secured in the trust, the bid being less than the account. King died in 1845, leaving the plaintiffs, his heirs-at-law, and without having had any settlement of the partnership affairs, with his co-partner, Thomas.

As the case in this Court turned upon the instructions given below, and which are fully set out in the opinion of Justice SETTLE, the statement of the evidence offered in regard to the settlement of the partnership affairs by the administration of J. W. King, not being relevant, is omitted.

Defendant excepted to the charge of his Honor, and upon the return of a verdict in favor of the plaintiff, moved for a new trial. Motion refused. Judgment and appeal by defendant.

*T. D. Johnston,* with whom were *McCorkle & Bailey* and *Gudger,* for appellants :

1. The complaint does not state a sufficient cause of action, in that while it alleges that the plaintiffs are the owners, it merely states further that the defendant "withheld" possession : *non constat,* but that they rightfully withheld. This could have constituted a ground for demurrer. C. C. P., sec. 95, sub-division 6. But is expressly saved from waiver by failure to demur by C. C. P., sec. 99.

2. The answer is not frivolous. The complaint consists of a general statement of ownership and a withholding, which is denied. How, otherwise, could a legal title be tested? Not guilty in ejectment devolved upon the lessor of John Doe, proof of his right of entry at the date of the demise, and the defendant's possession. It does not fall within the principle of *Black* v. *Dawson,* 69 N. C., 42.

3. The pleadings present a clear issue as to whether the property in question became partnership property, &c.

The fourth issue was immaterial, and was sufficient to decide the real matter in controversy. When at common law, under its logical rules of pleading, an immaterial issue was joined, the court would award a repleader. Stephens on Pleading, 98 and 99.

As the pleadings under the new system, especially *quasi* equity pleadings, do not tend to the production of an issue,

a motion for repleader is supplied by a motion for a proper issue under the rules. Reg. Gen., 65 N. C., 705, 3, 4 and 5, and this Court will retain the cause. *Barnes* v. *Brown*, 69 N. C., 439.

4. If, as the system of law and equity are blended, this Court shall treat the case as if this issue was disarmed, then we submit:

That the purchase of the property by the partner King, with partnership effects, as clearly shown, entitled the other party to treat it as partnership property, and does not fall within the statutes of Frauds. *Chiply* v. *Keaton*, 65 N. C., 543; Lindley on Partnership, pp. 414, 421; Cary on Partnership pp. 26, 166; Adams' (last ed. Am. Notes) 33 top, 166, note. *Hargrove* v. *King*, 5 Ired. Eq., 430.

5. We submit, that as Mrs. King, (now Mrs. Hyatt,) the administratrix, had a right to settle up the partnership, and the property in question had passed into the firm at one time. Lindley, 463, the plaintiffs are, in equity, in *privity* with the administratrix, *quoad* this fund.

6 We further submit that his Honor committed an error to our prejudice in instructing them that there was no evidence of a settlement between the plaintiff and the surviving partner, Thomas. There was not, nor was it pretended; and it was, we submit, a proposition irrelevant to the merits, and calculated to mislead and confuse the jury. They may well have supposed, from the statement that it was material and a necessary part of the defendant's proof.

7. We further submit that no full and proper cause can be made without making Mrs. Hyatt, *nee* King, the administratrix, a party.

*A. T. & T. F. Davidson*, and *Folk*, contra.

The plaintiffs insist that even if his Honor was wrong in the instructions to the jury, it would not be good ground for a new

trial, because the pleadings raise no issue to which such instruction could be applicable; and further, no such issue was tendered by the defendant or submitted by the Court.

In fact, the answer raises no issue at all. The first paragraph is not to be regarded. *Flack* v. *Dawson*, 69 N. C. R., 42; and the remainder is rambling, absurd and ambiguous. If it alleges anything it is, that the administratrix and defendant, Thomas had a settlement upon certain terms.

It is nowhere charged in the answer that this land was purchased with partnership funds, nor was such an issue submitted. It is true the defendants offer proof tending that way. " Proof without allegation is as ineffective as allegation without proof." *McKee* v. *Lineberger*, 69 N. C. R., 217.

In *Carrier* v. *Jones*, 68 N. C. R., 130, it is said: " The rejection of evidence not material to maintain the point in issue, is no ground for a new trial," and according to the same reasoning, it would seem that the giving, or refusing to give instructions, on a point not material to the issue, would afford good ground for new trial. If the charge of his Honor on the issues properly submitted was correct; if it might be erroneous on the point made in the first exception, the judgment will not be disturbed. *Lewis* v. *Sloan*, 68 N. C. R., 557.

In *Wright* v. *McCormick*, 67 N. C. R., 27, it is said: " It is a rule of construction, of which no pleader has a right to complain, that all uncertainties and ambiguities in his pleadings shall be taken in the sense most unfavorable to him." So that in this case if the defendant had believed or wanted to try the fact that this land was partnership property, it would have been very easy for him to have made the issue. His failure to raise the issue is to be construed against him.

The defendants certainly have no right to complain, as they were permitted to have the issue of settlement, &c., submitted to the jury. On all the points there was " contradictory evidence " offered by plaintiffs, and the jury found adversely to defendants.

His Honor's instructions were correct.

The rule proceeds upon the idea of fraud. That is not presumed.

SETTLE, J.  This was an action to recover the possession of two lots in the town of Murphy, Cherokee county.  It appears that one Brabson had executed a deed, conveying these lots to the defendant, Weeks, in trust, to secure the payment of certain debts due to the firm of Thomas & King; which firm was composed of J. H. King, the plaintiff's ancestor, and W. H. Thomas, the other defendant.

J. W. King died in 1845, intestate, leaving the plaintiffs his heirs-at-law.  It further appears, that in 1841, Weeks, the trustee sold the lots in pursuance of the deed in trust, and J. W. King, one of the partners, bid them off and took the title in his own name from the trustee; he did not pay any money or other consideration for the same, but allowed the bid to be credited as part payment on the debts due the firm, which were secured by the deed; the amount bid was less than the amount so secured.  The partnership affairs of Thomas & King had never been settled in the life time of King.  His Honor charged the jury that where a partner in a firm purchased real estate with the partnership effects, and took the deed to himself, the presumption of law is that the partner so purchasing credits his co-partner with his part of the amount bid or paid for the property, and charges himself with it, and is entitled to the property in his own individual right.

This charge cannot be sustained.  On the contrary, the rule is, where land has been purchased with partnership funds, although it be conveyed to one partner only, yet it becomes partnership property.

" A purchase by a man in his own name, with funds in his hands in a fiduciary capacity, creates a resulting trust in favor of those whose money is thus employed; as in case of a trustee, a partner, an agent for purchase, an executor, a guardian, the

committee of a lunatic, and the like." Adams' Eq., and notes
and references to American decisions, p. 33.

There must be a *venire de novo.*

Per Curiam.                              *Venire de novo.*