MARTHA V. MOSELY v. GRACE E. MOSELY and others.

*Deed—Trusts and Trustees.*

1. A deed to M and his heirs, in consideration of one dollar, "as well as the natural affection" of the grantor to his daughter, wife of said M, conveys an absolute estate to the grantee, and does not annex a trust in favor of the wife.

2. No consideration is necessary in a deed executed under the statute, as none was under a feofment to which it succeeds.

3. Trusts arising from operation of law are : 1. Where an estate is purchased in the name of one person and the consideration is paid by another. 2. Where the intention not to benefit the grantee is expressed upon the instrument.

(*Ivey* v. *Granberry*, 66 N. C., 223, cited and approved.)

PROCEEDING for dower heard on appeal at Spring Term, 1882, of HALIFAX Superior Court, before *McKoy, J.*

Appeal for defendants.

*Mr. R. O. Burton, Jr.,* for plaintiff.
*Messrs. T. N. Hill* and *Day & Zollicoffer,* for defendants.

SMITH, C. J.   The plaintiff, widow of Richard E. Mosely, in this action against the defendants, his offspring by a previous marriage and heirs at law, claims dower and asks to have it assigned in the tract described in her petition and of which she alleges the intestate was seized and possessed at the time of his death.   The defendants deny the allegation of title in their father, and insist that the deed of conveyance therefor, executed on April 2nd, 1857, by William H. Wesson, their maternal grandfather, to the intestate, and of which they annex a copy to their answer, created a trust for the donor's daughter, and vested in the intestate, if any, an estate for his own life only.   To this answer the plaintiff demurs, and upon the hearing before the probate judge, the demurrer was overruled.   Upon the plaintiff's appeal to the superior court, the judgment was reversed, and from this ruling the defendants bring the case before us, and present the question as to the construction and legal effect of the said deed, which is as follows :

"This indenture made this the 2nd day of April, 1857, between William H. Wesson of the one part and Richard E. Mosely of the other part, both of the county of Northampton and state of North Carolina, witnesseth : That for and in consideration of one dollar to the said Wm. H. Wesson in hand paid by the said Richard E. Mosely, at or before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, as well as natural affection of said Wesson to his daughter, wife of said Mosely, he the said Wm. H. Wesson hath granted, bargained, sold, &c.,

and by these presents doth grant, bargain, sell, &c., to the said Richard E. Mosely, his heirs and assigns, the tract or parcel of land, &c., (describing it.) The said Wm. H. Wesson doth hereby warrant and defend the title to the said lands to the said R. E. Moseley and his heirs forever against all claims whatsoever. In witness whereof," &c. (Signed and sealed by W. H. Wesson.)

. The deed in terms conveys the estate of the donor to the intestate, uncoupled with any attaching trust for the wife, positive or implied. There are but two parties to the instrument, and the recited pecuniary consideration passes from one to the other. The super-added words, " as well as natural affection of said Wesson to his daughter, wife of said Mosely," expressing the inducements which prompted the conveyance to the husband, do not in form undertake to fetter or qualify the estate granted, nor do they in law raise and annex thereto a trust in favor of the wife. The conveyance in form and effect is absolute. It cannot grow out of the recital of the inducement to the making of the deed, since the title is directly transmitted, and, upon a consideration received from the husband, to him alone. Indeed no consideration is necessary in a deed executed under the, statute, as none was under a feofment to which it succeeds. This is decided in the case of *Ivey* v. *Granberry*, 66 N. C., 223, in the conclusion of the opinion in which READE, J, uses this language: ".Surely one may give by deed while he lives as well as he may by devise after his death. In either case no one can be heard to complain except creditors or purchasers for value."

Trusts arising by operation of law result in two cases it is said by an eminent author :

1. Where an estate is purchased in the name of one person and the consideration is paid by another.

2. Where the intention not to benefit the grantee is expressed upon the instrument, as where the conveyance is

"*upon trust*" and none is declared, or that declared fails. Lewin on Trusts, 168, 175.

The present conveyance belongs to neither of these classes, and the intent to make the donation to the intestate and for his sole use is apparent upon its face, the donor securing to his daughter the incidental benefits accruing from the intestate's ownership and her marital relations with him.

There is no error and the judgment must be affirmed. Let this be certified.

No error.                                                    Affirmed.