H. A. BOND, Ex'r, and others *v.* W. A. MOORE and others.

*Trusts and Trustees—Resulting Trust, when raised—University—Escheat.*

1. A husband conveys land to a trustee "for the use of the party of the third part (his wife) and upon the trusts hereinafter declared," to wit: that

the trustee shall convey the same to such person as the trustor's wife may direct in writing, or by will or other appointment; or, upon the trustor's death, to the surviving wife; or, upon the wife's death without a will, to the party entitled by the law of the state; and the wife died intestate without heirs and without making any disposition of the estate as prescribed in the trust deed; *Held,*

(1). That, by a proper construction of the deed, a life estate only was intended to be secured to the wife, with a power of disposition of the whole estate.

(2). Upon her death without executing the power, the husband became the equitable owner in fee of the remainder, and entitled to a conveyance of the legal estate from the trustee.

(3). In such case there arises a resulting trust to the party creating the trust or to his heirs.

2. The rule which raises a trust in favor of one whose money was used in payment of land bought, has no application to the facts of this case.

3. The deed does not point to any particular person to take the inheritance, but leaves it to pass under the law as undisposed of property; and hence, under the rule above announced, the defendant's position that it passed to the heirs of the wife, and there being none, then to the University by the law of escheat, cannot be sustained.

(*Levy* v. *Griffis,* 65 N. C., 236; *Holmes* v. *Holmes,* 86 N. C., 205; *Mosely* v. *Mosely,* 87 N. C., 69; *Robinson* v. *McDiarmid, Ib.,* 455; *King* v. *Weeks,* 70 N. C., 372; *Cunningham* v. *Bell,* 83 N. C., 328, cited and and approved).

CIVIL ACTION tried at Fall Term, 1883, of CHOWAN Superior Court, before *Avery, J.*

John M. Jones, owning the lot of land in the town of Edenton described in the complaint, and the recovery of possession of which is the object of this action, on February 9th, 1866, conveyed the same by deed executed by himself of the first part, Thomas W. Hudgins of the second, and Martha A. Jones, his wife, of the third part, to the said Thomas W. Hudgins in fee upon the following declared trusts:

1. That the said trustee shall at any time convey the said lot and improvements to such person as the said party of the third part shall direct in writing attested by one witness.

2. That he will convey said lot and improvements to such person as the said party of the third part shall give or devise the same

to, by last will and testament, or by an appointment in the nature of one, which power to make a will or appointment in the nature of one is expressly conferred upon the said party of the third part, notwithstanding her coverture.

3. Upon the death of the party of the first part, he will convey the said lot and improvements to the said party of the third part.

4. Upon the death of the party of the third part without having made a last will and testament or appointment in the nature of one, he will convey the said lot and improvements to the party or parties entitled by the laws of North Carolina.

5. The party of the first part shall occupy or rent out the lot and improvements for his own use during the joint lives of himself and the party of the third part, unless the same shall be sooner sold by her order.

These declarations of the trusts upon which the trustee was to hold are preceded by recitals in the deed, which in substance state that the said Martha A. had heretofore united with her said husband in the sale and conveyance of certain lots owned by her previous to her marriage, the purchase money whereof he had received, under an arrangement by which he agreed to convey the lot herein described " to a trustee for the use of the party of the third part and upon the trusts hereinafter declared."

The said Martha died before her husband, without heirs, having made no disposition of the estate under the forms conferred in the deed, by deed, will or other writing.

John M. Jones, her survivor, died in 1879, leaving a will, wherein the plaintiff Bond is named executor and the other plaintiffs are the devisees.

The trustee died in 1872, intestate, and the defendants, other than the defendant Moore, who is in possesion of the lot, are his heirs-at-law.

The defendant Moore claims the lot by virtue of a judgment against the University, an execution issued thereon, a sale and a sheriff's deed to him.

16

The relief demanded is a recovery of the possession and damages for detention against Moore, and a judgment against the other defendants requiring a conveyance of the legal title.

The defendants demur to the complaint, and the demurrer being overruled and judgment rendered for the plaintiffs, they appeal.

-*Messrs. Pruden & Bunch*, for plaintiffs.
*Mr. W. A. Moore*, for defendants.

SMITH, C. J., after stating the case. The question to be decided arises from the construction of the deed, and is, whether an equitable estate in remainder vests in the plaintiffs, entitling them to demand a conveyance of the legal estate from the heirs-at-law of the trustee and possession from the defendant Moore:

It is not important to consider the force and effect of the terms used in the declaration of the trust in favor of the wife, and the necessity of words of inheritance to enlarge an estate for life into a fee. This trust is, as are the others, *executory*, and not an *executed trust*—created by a direction to the trustee to convey—not itself a conveyance; and the same technical rules of construction do not prevail in interpreting both. When the trustee is required to act in execution of the trust, in order to effectuate the expressed purpose of the instrument, that purpose is ascertained by employing the ordinary rules of interpretation; and a direction to convey the lot, in the absence of restriction or qualifying words, when applied to instructions given to the trustee, is a direction to convey the full estate vested in him, and the trust consists in the right to have it performed. In the latter case the intent is ascertained by giving a fair and reasonable meaning to the language in which it is expressed, and in this sense the trust is enforced. This is the distinction taken in *Levy* v. *Griffis*, 65 N. C., 236, and is warranted in *Holmes* v. *Holmes*, 86 N. C., 206.

But it is a settled rule in the interpretation of written instruments to look to other provisions for light to guide in arriving

at the meaning of any doubtful clause. In applying the rule, we think it plainly appears that a life estate only was intended to be secured to the wife, associated with a power of disposition of the whole estate, by a written instrument in the form prescribed. The recitals in the deed show that it is drawn in pursuance of the agreement between Jones and his wife, and in precise fulfillment of its terms; for it declares the promise to have been to convey the lot to a trustee for her use "upon the trusts hereinafter declared."

Among the trusts enumerated, the third undertakes to provide for the contingency of the death of the wife without having exercised the power conferred, clearly contemplating a remainder and limiting her estate under a preceding clause for the term of her life. Nor is it material whether this final limitation of the trust estate is effectual or inoperative by reason of an insufficient description of the party to take under it. In either case the clause subserves the same purpose in showing the character and extent of the estate secured to the wife.

Her death, then, without her having exercised the dispositive power, her husband still being alive, and his estate also becoming extinct, which endured only during their joint lives, presents the very contingency upon whose happening the trustee is required to convey "to the party or parties entitled by the laws of North Carolina." Who is the party meant? The plaintiffs appropriate this designation to the grantor, the defendants to the heirs of the wife, and there being none, to the University substituted in their place under the law of escheat.

In our opinion, the words do not and were not intended to point out any particular persons to take the inheritance remaining, but to leave it to pass under the law as undisposed of property. They show such estate, depending on a contingency, to have been in the mind of the grantor as capable of subsisting beyond the life of the wife and of his own, and to place it under the control of the law.

This being the proper construction of the clause upon well

.established principles, the undisposed of remainder was freed from the intervening life estate in the wife, became united with the then expiring life estate of the husband, and he became the equitable owner of the entire inheritance.

"Another form in which a resulting trust may appear," says Mr. Justice STORY, "is where there are certain trusts, created either by deed or will, which fail in whole or in part, or which are of such an indefinite nature that courts of equity will not carry them into effect, or which are illegal in their nature or character, or which are fully executed and yet leave an unexhausted residuum. In all such cases there will arise a *resulting trust to the party creating the trust*, or to his heirs or legal representatives, as the case may require." 2 Story Eq. Jur., §1106a; Lewin on Trusts, 175; *Mosely* v. *Mosely*, 87 N. C., 69; *Robinson* v. *McDiarmid, Ib.*, 455.

But the defendants contend that inasmuch as the husband was permitted to receive the purchase money of the wife's land, under his agreement to convey his lot in trust for her, this money constitutes the consideration of his deed and the trust arises to her. The rule which raises a trust in favor of one whose money was used in payment for land bought, has no application to the facts of the present case. The deed to which she consents in becoming a party contains all the trusts, and, in the very form he agreed to make and secure to her, the full fruits of his contract. He stipulates to make precisely such a conveyance, and with such declaration of trusts as are found in the present deed. This exhausts her equity in the premises. Her money is the consideration of, and given for, the interests and benefits secured to her in its provisions, and for no other portion of the trust estate. The land was her husband's, not her's; and whatever estate remains after all the trusts in her behalf have been executed, must be vested in him. This does not belong to the class of cases in which the purchase money of one party has been used and the title to the land conveyed to another.

"The doctrine," remarks the same author, "is strictly limited to cases in which the purchase has been made in the name of

one person and the purchase money has been paid by another."
2 Story Eq. Jur., §1201a.   The authorities cited in the argu-
ment sustain this view of the law.   Unless the constructive
trust was raised in such case, a successful fraud would be perpe-
trated by the grantee.   *King* v. *Weeks*, 70 N. C., 372; *Cun-
ningham* v. *Bell*, 83 N. C., 328; *Kisler* v. *Kisler*, 27 Am. Dec., 308.

We, therefore, affirm the judgment overruling the demurrer,
and remand the cause to be proceeded with in the court below.

No error.                                        Affirmed.