ROSA V. BUTLER and husband v. ELIZA McLEAN.

(Decided March 29, 1898).

*Deed, Construction of—Trusts—Intent of Grantor.*

1. A trust will not be declared as arising from a conveyance absolute in form, unless the intent of the grantor to create a trust clearly appears on the face of the deed.

2. A deed made by J. M. to his son-in-law, W. S. M., recited as follows: "I, J. M., for and in consideration of the sum of $400, as an advancement to his wife, Polly Cornelia, and also for the further sum of $400 in hand paid by the said W. S. M., do grant, &c., unto the said W. S. M., his heirs and assigns forever," the land described. *Held*, that the deed conveyed the land absolutely in fee to the grantee, and no trust can be declared in favor of the wife of W. S. M. or her heirs for one-half of the land.

CIVIL ACTION tried before *Adams, J.*, at Fall Term, 1897, of CHATHAM Superior Court upon the complaint and answer and agreed facts, a jury trial being waived. The action turned upon the construction of the language of the deed referred to in the opinion. His Honor rendered judgment for the *feme* plaintiff, and defendant appealed.

*Mr. H. A. London* for plaintiff (appellant).
*Mr. H. H. Hayes* for defendant.

FAIRCLOTH, C. J.: This is an action to have a trust declared in favor of the plaintiff for one-half of a body of land conveyed by deed of Jesse Morley to his son-in-law, W. S. McLean, and the question turns upon the following words in the deed: "That I, Jesse Morley, for and in consideration of the sum of four hundred dollars, as an advancement to his wife, Polly Cornelia, and

also for the further consideration of the sum of four hundred dollars in hand paid by the said William S. McLean, do grant, etc., unto the said William S. Mc-Lean, his heirs and assigns forever," the land described.

We have no guide except the deed. In the absence of an express trust we then have to look for the intent of the grantor. The books show many expressions from which the intent is gathered, and .many others which fail to satisfy the courts that a trust was intended.

Trusts have been declared when the estate is purchased in the name of one person and the consideration is paid by another; also, where the intention not to benefit the grantee is expressed in the conveyance, as by saying "upon trust."

A familiar case under the first is where the husband buys and takes the title to himself alone, but pays for the land with his wife's money—a trust results in her favor. *Lyon* v. *Akin*, 78 N. C., 258. It sometimes occurs that the expression supposed to lay the foundation for a trust imposing an obligation merely furnishes the motive which led to an absolute gift or conveyance. And it is probable in some instances that the grantor has no clear idea himself of what he is doing. It is certain, however, that it must appear in some way that he intended to create a trust, otherwise the Court cannot declare its existence. Sometimes the donor or grantor may have reasons to convey an absolute estate to the husband and leave the wife to take such incidental benefits as arise from her marital relations with him. Where there is uncertainty the Court will not declare a trust, because the intent fails to appear and the equivocal words will signify a wish only. An able Judge has

said that the instrument must point out the *objects*, the *property* and the *way in which it shall go.*

*Moseley* v. *Moseley*, 87 N. C., 69, is in point in the present case. The deed was to "M. and his heirs" in consideration of one dollar, as well as the "natural affection" of the grantor to his daughter, wife of the said M., and it was held absolute in the grantee and no trust in favor of the wife.

We hold that no trust can be declared in this instance, and that disposes of the case.

Error.

CLARK, J., concurring: The deed is a conveyance in fee simple to the son-in-law. The recital relied on to have it decreed a conveyance in trust for his wife as to one-half is "In consideration of the sum of four hundred dollars, as an advancement to his wife, Polly Cornelia, and also for the further consideration of four hundred dollars in hand paid by said William S. McLean"—here follows the conveyance in fee simple to McLean. From this it will be seen that the intention was to convey the whole tract to him, and remit half the purchase money as a gift to the wife. The advancement to her is not "one-half of the within conveyed land," but "four hundred dollars" of the purchase money, and, as the law stood at that time, money given to the wife became *eo instanti* the property of the husband. The deed on its face not only does not warrant the allegation of the trust for the wife as to one-half, but in fact negatives it. The transaction was as if $800 had been paid by McLean, the deed made to him, and then $400, thereof immediately handed back as an advancement to the wife for the advancement to her is $400—money, not land.