Ruffin, Judge.
 

 — The agreement charged in the bill, for the joint purchase of the lot in dispute by the two sisters, and the payment of the purchase money and of the cost of putting the buildings on it by them equally, tho* denied in the answer, are facts proved beyond a doubt by the depositions. A conveyance to the Plaintiffs of one half must therefore be decreed.
 

 If is however stated, in the answer, that
 
 Cobb
 
 has purchased at Sheriff’s sale the estate
 
 of Keaton,
 
 the husband ; and it is insisted, that precludes the Plaintiff from any relief. At most, that purchase would extend only to the life estate of the husband, and would not affect the fee of the wife. But even that effect cannot be allowed to it.— Here is a trustee, who denies the right of his
 
 cestui qm trust,
 
 and brings an ejectment to evict him ; and during the litigation and doubt cast on the title by the trustee himself, purchases under execution at a price enormously inadequate. To allow him to hold under such a title would be to encourage iniquity. The Sheriff’s deed can only stand as a security for what the Defendant advanced upon the execution.
 

 It does not appear, whether the costs of the suit at law have been paid. It is to be presumed they have, as the injunction at first granted, was dissolved upon the corning in of the answer. The Plaintiffs now ask for an account of those costs, and to have refunded what they have paid to the Plaintiffs at Law, and to recover their own costs at Law. Certainly they must get back the costs of the ejectment, paid, to the Plaintiffs in it. No-<
 
 *442
 
 can-be plainer, than that'Cobb and wife ought not. to have used their legal title in that way, and they must ■. „ . be content to do it at their own expense ; for the Plam-j.jg-s never. denied their title to a moiety. In this particular case, the gross oppression, attempted by the Defendants, prompts us to go as far as we can to make them pay all the costs, wherever any can be found.— But we cannot yield to our feelings against principle. The title of the Plaintiffs was not legal, tho’ a clear one in this Court. If a party in that situation- chooses to contend at law, without resorting at once to the forum, in which alone he can properly be redressed, he must not expect to recover his costs, unless he succeeds at law. He chooses his game, and must put up with his luck. If it was wrong in the Defendant to bring ejectment, he must bear the burden of the costs incurred by him. And it being equally wrong in the Plaintiff to rely «pon a bad title, in a Court which could not investigate and sustain his real rights, he'must likewise be out of pocket the money he has spent in that fruitless defence.
 

 It is much to he regretted, that ignorant and poor people should be’advised to such long, expensive and fruitless litigation $ for I dare say, they knew no better. But we cannot help them, without holding out an encouragement to others to .keep at law for the sake of it, instead of putting their cases at once upon the merits.
 

 As to the rents and profits, it is to be remarked that by the contract, charged in the bill and proved by the witnesses, between
 
 John Sasser,
 
 the father, and his two daughters, the father and mother were to enjoy and occupy the premises during their lives as a home. This was in consideration of his erecting the houses ; which he did. It is not a question now, how this might he treated by the father’s creditors. But as between the parties, there can be no rent during the occupation by either of the parents. From that period however, each sister is liable for rent received by her, or for a reason
 
 *443
 
 able rent during their own exclusive occupation rcspec-tively ; as to which an account must also be taken.
 

 Per Curiam.
 

 — Declare that the agreement between <he Plaintiff»
 
 Elizabeth,
 
 and the Defendant,
 
 Mary,
 
 for the joint purchase of the lot in dispute, and for the erection of houses on it at their joint expense, as charged in the bill, is fully proved. Declare further, that said
 
 Elizabeth
 
 paid one-half of the purchase money for said lot, and of the expenses of erecting buildings on it, and that she is entitled to one undivided half of the said lot: And decree, that the Defendants convey to the Plaintiff,
 
 Elizabeth,
 
 one undivided moiety of the said lot, with the appurtenances, in fee-simple. And let it be referred to the Clerk, to take an account of such monies as may have been paid by the Plaintiffs to the Defendants, as the costs of the suit at law, 'and lei him state any balance due thereon: and order, that the Defendants desist from proceeding on their execution for such balance, if any there »e : and order the Plaintiffs to be, entitled to recover back any such costs as the Defendants may have received, as aforesaid : And let it be referred to the Clerk to take an account of the rents, received by either of the parties, for the premises j and also of the reasonable annual va-he of the said lot, while in the occupation of cither of she parties, .since. <he death of
 
 Elizabeth flamer.
 
 tins