The plaintiff then brought this bill against Henry Bronson, Isaac B. Cox, and Mrs. Grice, seeking to enjoin the execution upon the judgment at law, and praying for a surrender of the other negroes, for an account of their hires since the death of his intestate, and for a conveyance of the legal title.
The facts of this case are undisputed, and the equity upon them is obvious. [His Honor here recited the facts as above, and proceeded.] We are of opinion that the plaintiff is clearly entitled to the relief asked for. Nothing is better established than that marriage is a gift to the husband of all the personal chattels of the wife in possession. As the beneficial interest in the slaves, at the time of Grice's marriage, was wholly in Mrs. Bronson, they were then, in the contemplation of a court of equity, her slaves. This, indeed, is not contested. But we hold it to be equally indisputable that they were her slaves in possession. As at law the possession of a cestui que trust is the possession of the trustee, the legal owner, so in equity the possession of a trustee is the possession of the cestui que trust, the beneficial owner. The principle which prevails in both courts is the same, and is, in truth, but a principle of good sense, that every possession held for the owner of property and in assertion of his claim of dominion, being an application of the property to the service of the owner, is the possession of the owner (201) by his agent, curator, or bailee. Upon the second marriage, therefore, these slaves, which were, in equity, absolutely the slaves of the wife, became as absolutely the slaves of the husband. The argument for the defendants is predicated upon the assumption that, at the time of this marriage, the slaves were choses in action, not reduced into possession; but as this assumption is unfounded, the argument necessarily falls with it.
The plaintiff, under the rule established in Keaton v. Cobb,16 N.C. 439, must pay his own cost incurred in the suit at law, by there setting up a defense which was in law untenable, but he is to be relieved from paying the defendant Bronson his costs recovered in that action, and also entitled to recover from the defendants the costs of this suit.
PER CURIAM. Decree for the plaintiff.
Cited: Steel v. Steel, 36 N.C. 456; Beall v. Darden, 39 N.C. 81. *Page 171