Battle, J.
 

 When this case was before the court at June Term, 1864, we confined our decision,, to the question as to the construction of the deed executed by Jonathan L. ar.d,.
 
 *58
 
 George M. Carson, to their brother, William M. CarsOn,-in trust for certain persons therein described; and we held that the
 
 eestui que trusts
 
 were the trustee's then wife Elmira, and the children which she then had, and might thereafter have by him ; and that the children which the trustee had by a second wife took no part of the trust fund. Win Eq., 24. Some other questions were presented by the pleadings which we declined to consider, until we could hear an argument upon them.
 

 One of the .questions is, whether the children of William M. Carson by his first wife had, during the life-time of their father, such an interest in the trust property not advanced to them by him, as survived to the real and personal representatives of those of them who died before him. We are clearly of opinion that they had, as is shown by the eases referred to by the counsel.
 
 Miller
 
 v.
 
 Bingham,
 
 1 Ire. Eq., 423;
 
 Simmons
 
 v.
 
 Gooding,
 
 5 Ire. Eq., 382;
 
 Brinson
 
 v.
 
 Wharton,
 
 8 Ire. Eq., 80. The consequence is, that the husbands of the deceased daughters will be entitled, respectively, to the shares of their wives in the personal estate. The land and its proceeds will go to the heirs at law of the deceased, who will be the children of the daughter who left children, and the brothers and sisters, including the half-blood, of the daughter 'who died without children. The brother and sister of the half-blood will also be entitled to equal shares with the other brothers and sisters of William,, who died intestate and without issue.
 

 Another question is, whether the trustee, under power to make provision for his children by will or deed, could thus provide for grand-children, the childreq of a deceased daughter.
 

 It is seltled that, where there are gifts in a will to children, grand-children cannot take when there any persons answering to the description of children.
 
 Ward
 
 v.
 
 Sutton,
 
 5 Ire. Eq., 421. Upon the same principle, a power con
 
 *59
 
 •ferred ■upon a person to dispose of a fund among children will not authorize a disposition of a part of the fund to grand-children, at least while there are any children who can take it. The case of
 
 Scott
 
 v.
 
 Moore,
 
 Win. Eq., 98, referred to by the counsel, does not apply, because that was the ease of a marriage settlement decided upon the peculiar \vording of the instrument, aided by the consideration, that from its nature it was intended to provide for the offspring of the parties to it. A decree may he drawn in accordance with this opinion.
 

 Per Curiam,
 

 Decree accordingly.