*W. A. CHEATHAM v. W. H. ROWLAND, et als.

*Trusts and Trustees—Power to charge the trust property—Parties.*

1. Certain property was conveyed to trustees to receive the profits and pay them over to the *cestui que trust*, beyond the necessary expenses incident thereto. The trustees contracted a debt for repairs, and the creditor filed a mechanic's lien on the property; *Held*, that the trustees had the power, under the provisions of the deed, to make a contract on the credit of the trust property for necessary repairs.

2. *Held, further*, that it was error in the court below to refuse a judgment to enforce the lien by a sale of the property, until the *cestui que trust* were made parties defendant, and were given an opportunity to be heard.

(*Miller* v. *Bingham*, 1 Ired. Eq., 423; *Freeman* v. *Cook*, 6 Ired. Eq., 373; *Herndon* v. *Pratt*, 6 Jones Eq., 327; *Welborn* v. *Finley*, 7 Jones, 228, cited and approved).

*MERRIMON, J., did not sit on hearing of this cause, having been of counsel.

CIVIL ACTION, tried before *Graves, Judge,* and a jury, at July Special Term, 1882, of the Superior Court of VANCE county.

The facts appear in the opinion.

The plaintiff appealed.

*Messrs. Fuller & Snow* and *E. C. Smith,* for the plaintiff.
*Mr. D. G. Fowle,* for the defendants.

SMITH, C. J.    William H. Hughes conveyed a lot or parcel of land, containing about six acres, known as the Henderson Fair Grounds, and lying within the limits of said town, for a valuable consideration, to James M. Bullock, S. S. Royster, Proteus E. A. Jones, Horace H. Rowland and Archibald Davis, and their successors in office, &c., "to have and to hold to the said James M. Bullock, S. S. Royster, Proteus E. A. Jones, Horace H. Rowland and Archibald Davis, trustees as aforesaid, and their successors in office appointed, to secure and pay over the profits in all and any manner whatsoever arising out of said Fair Grounds above and beyond all necessary expenses incident thereto, to John D. Hawkins," and nearly one hundred others mentioned by name, and among them the trustees to whom the deed is made, "stockholders of said Fair Grounds, and to their heirs, and to their only use and behoof."

The trustees, Rowland, Davis and Royster, in 1877, their associates, Jones and Bullock being then dead, in consequence of the dilapidated condition of the premises, and the exposure to waste and deterioration, contracted with the plaintiff, and employed him to make the needed repairs and to furnish the material required for that purpose.    The plaintiff performed the work during the year of his own occupancy under a lease for seventy-five dollars, which rent was to be thus discharged, finishing about the 20th day of December, 1877.    The charge for the work was three hundred dollars, which, the defendant trustees who made the contract not assenting thereto, was by agreement referred to a skilful mechanic, and was reduced by him to

$257$\frac{05}{100}$, and this they promised to pay the plaintiff. Notice of lien was filed on the 7th day of February thereafter in the office of the Superior Court Clerk in accordance with section 1784 of The Code, and in April following, the present action was commenced to enforce it against the three surviving trustees. No answer was put in by them to the complaint, which was filed at the term to which the process was returnable, or afterwards, and no resistance ever offered to the plaintiff's demand for the relief sought. At the same time, three others, S. S. Cooper, W. W. Young and Harril Harris, claiming to be trustees, are, at their own instance, allowed to come in and defend the suit. These defendants filed an answer at Fall Term, 1879, and therein controvert all the material allegations of the plaintiff, except those that relate to the deed of conveyance, and bring forward a counter-claim against the plaintiff for rent due from him for his use and occupation of the lot for the three successive years, 1877, 1878 and 1879, and damages committed during that interval.

The plaintiff's replication re-affirms what is alleged in the complaint, and, denying that the respondents are trustees or have any right to intervene, adds that the contract was entered into by the three only surviving trustees mentioned in the summons, to whom the land was conveyed. At the term held in July, 1882, the issues, not in form, arising out of the controverted averments in the answer, as the record states, were found in favor of the plaintiff, and thereupon the following judgment was entered against the contesting defendants, to whom another had been added in the place of Harril Harris, deceased :

"It appearing that the defendants W. W. Young, S. S. Cooper and J. E. Clark, who insisted on their right to defend in the action, as trustees, are not so entitled to defend, it is therefore adjudged that the plaintiff's action be dismissed as to those, and that the said defendants jointly and severally pay the cost incurred by them by reason of becoming parties to said action."

The plaintiff then moved for judgment against the surviving trustees, Rowland and Harris, for his undisputed demand, with

costs, and for the enforcement of his lien by a sale of the lot to satisfy the same. The motion was allowed for judgment for the debt and costs, but was refused as to the sale of the premises, unless and until the *cestui que trust,* denominated stockholders, or some of them, are made defendants and can b. heard. From this refusal the plaintiff appeals.

The legal title under the deed vested in the five-named trustees and their successors in office appointed in trust, "to receive and pay over the profits in all and any manner whatsoever arising out of said fair grounds, above and beyond *all necessary expenses incident thereto.*" All the legal power that could be exercised over the premises in the preservation of the improvements and the prevention of waste and destruction was possessed by them. The case states that the "premises were much out of repair, and by exposure liable to great waste," when the contract for repairs was made, and while there is no suggestion of a want of good faith in the trustees who entered into it, we think they were competent under the provisions of the deed to employ the plaintiff to do the work necessary for the preservation of the property upon its credit under the lien enactment. If they had not this authority the buildings and surrounding fence might have gone to ruin, and there would be no means of providing against these consequences. A majority of the original trustees, and all those living, entered into the agreement with the plaintiff for the work as necessary to preserve the property from further injury—they do not oppose the charge as excessive in amount, or for work that could have been dispensed with, and no reason is shown why the plaintiff should not be paid. But the order of sale is refused because, in the opinion of the Court, some of the *cestui que trust* should first be brought in to defend the common interest for all.

We do not concur in this opinion, for, aside from the fact that the defendants occupy a two-fold relation to the subject matter, being not only trustees but beneficiaries also under the deed, they are the proper persons, as legal owners in charge, to manage and

take care of the common property, not only in its preservation, but in its defence against unjust and unreasonable demands, from whatever source they may come. The authority and duty of doing so are incident to the office and inseparable from it, and to this end the estate is put in trustees. When the trust is abused and they neglect or misappropriate the property, those interested may interpose to prevent the injury and enforce the execution of the trust, or even have the estate taken away and put in other hands. In such case, the loss consequent upon mismanagement and negligence the trustees may also be required to make good. *Miller* v. *Bingham,* 1 Ired. Eq., 423; *Freeman* v. *Cook,* 6 Ired. Eq., 373.

So entirely are the interests of *cestui que trust* committed to the trustees for protection, and placed under their control, that it when the bar from the lapse of time operates against the latter operates against the former as against other adversary claimants. *Herndon* v. *Pratt,* 6 Jones Eq., 327, and this even when the *cestui que trust* are infants or married women. *Welborn* v. *Finley,* 7 Jones Law, 228.

We infer from the record that there is an incorporation, from the use of the word stockholders as descriptive of the numerous persons for whose benefit the trust is created, but the fact is not so stated, nor would the fact make any difference in our conclusions. The legal estate is vested in the trustees and its full management entrusted to them. In the performance of their duties they have contracted, as such, with the plaintiff to have the repairs made. The work has been done, and he has judgment against them for his debt. The law gives him the lien and he has a right to have it enforced.

There is error in the ruling, and this will be certified, for further proceedings in the court below.

    Error.                                         Reversed.