S  P. KIRKPATRICK et al. v. DAVID H. HOLMES et al.

*Husband and  Wife — Marriage—Trust.*

1. Money received by the husband from a sale of  the wife's lands before the adoption of the Constitution in 1863 belonged to him abso-lutely, unless at the time he received it he agreed to invest it for her in some other way.

2. But if  the wife acquired the title and the marriage occurred prior to 1868, and the sale was made subsequent to that time, the proceeds would be her separate estate ; and if  the husband purchased other lands with such proceeds and took title in his own name, in the absence of any special agreement to the contrary, he would become a trustee for her.

This was a CIVIL ACTION, tried before *MacRae, J.,* at August Term, 1890, of ORANGE Superior Court.

The action was brought to recover possession of three tracts of land which plaintiffs claimed under a deed from the Collector of Internal Revenue for the Fourth Collection District of North Carolina, upon a warrant of distraint against the property of the defendant David H. Holmes. The defendants filed no answer, and judgment by default was taken against them at March Term, 1888, of that Court, but the judgment against the *feme* defendant was subse-quently vacated by order of the Judge holding the Court of the District, and she was permitted to file her answer in which she claims that she, and not her husband, was the owner of that tract of land described in the complaint as the "Miles tract," containing 140 acres. There was no contro-versy as to the other two tracts described in the complaint.

The plaintiffs offered in evidence a deed from the Collec-tor of Internal Revenue for the Fourth District of North Carolina to plaintiffs, dated 16th July, 1887, and the testi-mony of John U. Hart, one of the plaintiffs, to the effect that, the 140-acre tract is known as the Miles tract, and

sometimes as the "Home tract;" that at the time this action was brought the defendant David was in possession of said land, and had been, according to witness' recollection, since 1867 or 1868; that plaintiffs bought the land to save themselves something over $500 they had to pay out for D. H. Holmes, who was a distiller, the plaintiffs being his sureties, and that the still was on the Home or Miles place. The defendant, Martha F. Holmes, was offered as a witness in her own behalf and testified that she was the wife of the other defendant and the daughter of John Moore; that she had owned a tract of land which she had got from her father, and which she had acquired after her marriage; that she and her husband sold that land to A. P. Cates; that witness was present when the trade was made, and received $500 for her land; that she sold it because she liked the Miles place better, as it was nearer to Bingham School, where she could educate her children and where she could sell her produce; that she bought the Miles land; her husband acted as her agent; she was to give $500 for it; that a bond for title was given to her husband by G. W. Tate, agent for Miles' children; that witness' husband bought the Miles land for her; that he did not pay for it in full when he bought it, but finally paid for it.

There was much other testimony offered by both parties in respect to this alleged purchase for the wife, and its date.

The defendant offered the following prayer for instructions, which was declined, and the defendant excepted:

" If the jury are satisfied that the money derived from the sale of the Moore tract went to the purchase of the Miles land, the defendant is entitled to recover the Miles land."

Upon this point the presiding Judge charged the jury, that if the deed was made and executed in pursuance of an arrangement between D. H. Holmes and his wife made in 1874, or at the time of the purchase of the Miles land and the giving of the bond for title, and if Mrs. Holmes' land

was sold by her and her husband for the purpose of purchasing another tract, the Miles land, and it was then agreed between husband and wife that the money arising from the sale of her land should be invested for her in the Miles tract, and if the proceeds of the sale of her land were used in paying for the Miles tract, she was entitled in equity to have the deed made to herself; the husband had no interest, subject to execution, in the Miles land, and the plaintiff got no title to it, even though the bond for title was made to the husband, as the deed was not made to the wife until after this action was begun, and their response should be " No," as to the Miles tract; but if her land was sold and her husband received the purchase-money for it, without any special agreement between them that it should be invested in the purchase of the Miles tract and the deed be made to her, they having been married before 1868, the purchase-money of her land became personal property, and the property of her husband, if he took it into his possession ; and even if it was used in purchasing this tract, and the bond for title made to the husband, and no deed made to her until after this action was brought, she got no title to it, and the plaintiffs, by virtue of their deed, are the owners and entitled to the possession of the tract described in the complaint.

Defendant excepted, and appealed.

*Messrs. J. W. Graham* and *A. W. Graham,* for plaintiffs.
*Mr. J. C. L. Harris,* for defendants.

SHEPHERD, J.: His Honor, among other things, charged the jury, in substance, that the marriage having been contracted before 1868 the proceeds of the sale of the wife's land became the property of the husband, and if he received it without any special agreement to invest it for her benefit in the Miles tract (the property purchased by him), she acquired no interest therein. This instruction, as well as

the entire charge, would be correct if the land had been sold before 1868 (*Hackett* v. *Shuford*, 86 N. C., 149), but such does not appear to be the case, as it is very apparent from the testimony that the sale was made after that date; and, this being so, we think there was error which entitles the defendant to a new trial.

It does not appear when the land was acquired by the wife. If she acquired it after 1868, the proceeds of the sale would be her separate estate (Cons, Art. 10, § 6); and if it went into the hands of the husband and he invested it in land, taking the title in his own name, in the absence of any agreement to the contrary, a trust would have resulted to her. *Lyon* v. *Akin*, 78 N. C., 259; 1 Perry on Trusts, § 127; Adams' Eq., 33, note.

If she acquired the land before 1868, but the sale was after that date, the proceeds would likewise be her separate estate (*Morris* v. *Morris*, 94 N. C., 613), and whatever interest the husband may have had in the lands purchased with such funds by reason of his right of occupancy as tenant by the curtesy initiate in the original land, it could not, under the Act of 1848 (Rev. Code, ch. 56), have been sold under execution.

In the case of *Giles* v. *Hunter*, 103 N. C., 195, cited by plaintiff, the marriage and the conversion of the land into personalty were both before 1868, and the decision can, therefore, have no application to the facts before us.

Error.