JOHN R. ROSS v. NANCY HENDRIX et al.

*Equity—Equitable Defence—Possession—Constructive Notice—
    Action to Recover Land—Dower—Limitations.*

1. Where it appeared that the proceeds of the wife's separate land, sold
    since 1868, was used by the husband to purchase another tract, it
    was held, in the absence of any agreement to the contrary, to be
    sufficient to constitute a resulting trust, which, coupled with
    open possession, could be set up to defeat the naked legal title in
    an action of ejectment.

2. Open, notorious, and exclusive possession for twelve years, accom-
    panied by a claim of ownership, is constructive notice of an
    equity, even though it be the possession of one entitled to dower
    which had not been allotted.

3. It would have been otherwise if the dower had been allotted as to
    the part embraced in the allotment.

4. Where such equitable ownership is set up as a defence in an action
    to recover land, the statute of limitations does not bar.


This was a SPECIAL PROCEEDING, begun before the Clerk
and transferred to the Superior Court at Term for trial upon
the issues raised in the pleadings, and tried before *Graves, J.,*
at December Term, 1889, of GUILFORD Superior Court.

Both parties claimed the land under the same person—
George K. Hendrix, deceased—who was the husband of one
of the plaintiffs and the father of the other. The plaintiffs
relied on three deeds, executed in 1887 and 1888; and the
defendants set up an equity with notice, and introduced tes-
timony tending to show that the widow of said Hendrix,
defendant, had lived on the land sixteen years, *i. e.,* since
her marriage, and she had been in possession since her hus-
band's death, twelve years; that the land was bought by
him with her money, showing the amount which went in it.
The deceased was heard to acknowledge that his wife's money

bought the land. It appeared also that the defendant, his widow, laid claim to the land, and so informed plaintiff.

The plaintiff's counsel insisted that the defendant, Nancy Hendrix, had failed to establish by proof the equity claimed by her, and asked the Court to charge the jury that there is no evidence to go to them upon the second issue, as to the alleged agreement between the said George K. Hendrix and the defendant Nancy, his wife, that her money was used in paying for the land at the assignee's sale, or if it was so used, that it was upon any agreement made at the time, or before that time, between her husband and herself that the land was to be hers, or that she was to have the title or any interest in the land.

Plaintiff's counsel also asked the Court to charge the jury that the possession or occupancy of the land by Nancy Hendrix, under the circumstances of this case, she being entitled to dower in the land, and her possession of the same as the widow of the deceased George K. Hendrix, did not have the effect to fix the plaintiff with constructive notice of her claim to an equity in the land, and that they should find the fourth issue in favor of the plaintiff.

The Court declined to charge as requested, and the plaintiff excepted, and appealed.

*Mr. L. M. Scott,* for plaintiff.
*Mr. J. E. Boyd,* for defendants.

Shepherd, J.: We are of opinion that there was sufficient testimony to be submitted to the jury for the purpose of establishing at least a resulting trust in the defendant Nancy Hendrix. It appears that she sold her land after her marriage, which occurred some sixteen years before the trial of this action. The sale then having been made since 1868, the proceeds arising therefrom was her separate property,

and these proceeds having been invested in the land in controversy by her husband, it must follow, in the absence of any agreement to the contrary, that a trust resulted to her. *Kirkpatrick* v. *Holmes*, 108 N. C., 206.

We are also of opinion, that the possession of the entire tract of land for twelve years by the said Nancy after the death of her husband, accompanied as it was by acts indicating a claim to its exclusive ownership, was constructive notice of her equity, and that the plaintiff is affected therewith.

It is true, that if dower had been assigned in the land occupied by her, there would have been no constructive notice; but there was no assignment of dower, and she occupied the *entire* tract under the circumstances mentioned. This possession, while not adverse as between the widow and the heirs (*Page* v. *Branch*, 97 N. C., 97), so as to bar their entry, was sufficient to put a purchaser upon inquiry, and he must be deemed to have had notice of all that such an inquiry would have disclosed. *Bryan* v. *Hodges*, 107 N. C., 492; *Staton* v. *Davenport*, 95 N. C., 11.

The exception to the ruling upon the statute of limitations was not very seriously pressed by counsel. The possession of the defendant Nancy was consistent with her equitable ownership, and she only sets up the trust for the purpose of protecting such rightful possession. The statute of limitations does not apply to such a case. *Farmer* v. *Daniel*, 82 N. C., 152.

We think that, under the circumstances, it is proper to permit George Hendrix, the heir of defendant Nancy, who died pending the appeal, to come in and adopt her answer. The other exceptions are also without merit.

No error.