* FURCHES, J., did not sit on the hearing of this case.
The action was commenced for possession, under claim and delivery, of certain personal property, a pair of mules, etc., conveyed by John D. Somers by chattel mortgage to H. L. Ayers, on 8 September, 1893, and assigned by H. L. Ayers to C. J. Ayers, 24 October, 1893, and assigned by C. J. Ayers to the plaintiff, 12 December, 1893. The note, to secure which said mortgage was given, was due and payable 15 October, 1893.
The plaintiff alleged in his complaint that the money for which the note and mortgage was given was the separate estate of C. J. Ayers, wife of H. L. Ayers, and that this fact was made known to the defendant, Somers, at and before the execution of the note and mortgage in question. This was denied by defendant, and an unsettled copartnership between defendant, Somers, and H. L. Ayers was set up by defendant.
The first evidence introduced by the plaintiff was a chattel mortgage executed to H. L. Ayers, 8 September, 1893, by J. D. Somers, and the note secured thereby for $100, due and payable (608) 13 October, 1893. It was admitted that the property in dispute was the same property conveyed in the mortgage. On the back of said mortgage are the following endorsements, to-wit: "In consideration of Mrs. C. J. Ayers having furnished the within amount, I hereby transfer and assign all my title and interest in the within note and mortgage to her. This 24 October, 1893. (Signed) H. L. Ayers." Also, "For value received of Dr. A. F. Houck, I assign the within mortgage and note, with all the powers and privileges therein, to him. This 12 December, 1893. (Signed) C. J. Ayers."
R. B. McLaughlin, Esq., witness for plaintiff, testified: "The assignment from Ayers to his wife is in my handwriting, and he (H. L. Ayers) signed it. The assignment from C. J. Ayers is in the handwriting of F. D. Hackett. Both the mortgage and the partnership agreement were drawn by me. My recollection is that it was well understood at the time that the money advanced, for which the mortgage was given, was the money of Mrs. C. J. Ayers. This was stated by H. L. Ayers to J. D. Somers in my presence before the note and mortgage were executed. Ayers said unless the mortgage was executed he could not get the money from his wife. He said, as far as he was concerned, he would not require a mortgage. I don't think that any money was paid then, but I think Ayers agreed to put the money in the bank, but I am not certain as to this."
H. L. Ayers, witness for plaintiff, testified, in substance, that "The money advanced to Somers at the time the mortgage was given belonged to my wife, C. J. Ayers. I told Somers it was my wife's money, and she would not advance it unless he would sign the *Page 374 
(609) mortgage. My wife got the money from her father's estate. On settlement of the partnership between Somers and myself there was $108 due from Somers to me — $8 over and above the mortgage."
A. F. Houck testified: "He gave $100 for the mortgage, and that no part has been paid; that he had no notice of any unsettled partnership between Somers and Ayers at the time he bought the mortgage."
John D. Somers, defendant, testified: "Ayers never gave me any money; did not put anything in bank for me, nor for the partnership, that I knew of. Partnership only ran twenty-seven days. It was not profitable to me. Ayers did bring grain there (to a distillery); I don't know how much. According to a statement made by Ayers himself, he owed me $50." (The above evidence objected to by plaintiff; overruled; exception.)
H. L. Ayers, recalled by plaintiff: "I got the $100 from my wife and bought corn with it for the distillery, with the knowledge and consent of Somers. I didn't promise to put the $100 in the bank."
The court submitted the following issues:
1. "Is the plaintiff the owner of the property described in the complaint?
2. "What is the value of the property?
3. "Has any part of the mortgage debt been paid, and if so, what amount has been paid?"
The plaintiff asked the court to charge the jury:
1. "If the money loaned the defendant was the separate property of C. J. Ayers, wife of H. L. Ayers, even though the mortgage was given to H. L. Ayers, there was a resulting trust in favor of C. J. Ayers, and equity would hold H. L. Ayers as trustee for the benefit of his wife and would treat the mortgage as her property." Refused by the court, and plaintiff excepted.
2. "If the jury find as a fact from the evidence that the (610) fact was communicated to Somers at the time he borrowed the money that it was the money of Mrs. C. J. Ayers, and he accepted it and signed the mortgage to H. L. Ayers, he had notice in law of C. J. Ayers' equitable rights, took subject to them, and is estopped by his said act of accepting said money from denying her title thereto or the title of her assignee, the plaintiff in this action." Refused by the court, and plaintiff excepted.
3. "If Somers knew or was informed at the time that the money he got was Mrs. Ayers' money, then he had notice of her equitable title thereto, and took the same subject thereto." Refused by the court, and plaintiff excepted.
His Honor charged the jury, among other things: *Page 375 
1. "That as the note in question was assigned, after its maturity, to C. J. Ayers, and that she took the same subject to any defense Somers might have against H. L. Ayers, and that the plaintiff, her assignee, took it subject to the same rule that I have laid down to you, the burden is on the defendant to make out his equitable defense.
2. "If the jury finds from the evidence that H. L. Ayers and Somers were equal partners in the distillery, and that H. L. Ayers owes the copartnership $50, they should answer the third issue `Nothing due.'
3. "His Honor further said, in charging the jury, that if they found the copartnership owed Somers $50, then the plaintiff would not be entitled to recover, and if they found that the partnership owed Ayers $8 over and above this debt sued on, as testified to by Ayers, that it would not do to consider Ayers, because Ayers had put nothing in as a partner."
His Honor declined to submit the question to the jury whether the money loaned was the money of C. J. Ayers, as contended by the plaintiff.
To the charge as given above in the first, second and third (611) paragraphs plaintiff excepted.
The jury answered the first issue "No," the second "$150," and the third "Nothing due."
Plaintiff moved for a new trial upon the exceptions to the evidence as above set forth, for refusal to give prayers for instructions numbers 1, 2 and 3, and for the charge given in sections 1, 2 and 3, as above set forth.
Motion overruled. Exception by the plaintiff. Judgment for defendant. Appeal.
If A purchases property from B, taking the title in himself, and the consideration is furnished by C, by operation of law A becomes a trustee for the benefit of C, and the statute at once executes the trust, and C becomes in equity the absolute owner. Such a trust need not be in writing, and it may be shown by parol proof. The authorities in our own reports are numerous. Application: If the wife, C. J. Ayers, furnished the consideration in money or property for the note and mortgage executed to her husband, H. L. Ayers, then he immediately became her trustee, and it can make no difference whether he assigned the note to her before or after its maturity, as it *Page 376 
was her property from the day of its execution and became her separate estate.
The defense that there was a balance due the defendant on partnership account between him and the husband cannot be allowed, as that would contravene the Constitution, Art. X, sec. 6, which declares that the separate estate of the wife "shall not be liable for any debts, obligations or engagements of her husband." The plaintiff alleged (612) that the consideration for the note and mortgage was the money of the wife, and that was denied in the answer. That is a material fact in the case, and can be ascertained by a distinct issue submitted, or it may be made available by appropriate instructions to the jury upon the issues already submitted. His Honor fell into the error of treating the case as one exclusively between the husband and the defendant, regardless of the wife's equities, in which event, as far as now appears, he would have held correctly. The plaintiff's prayers for instructions were, in substance, proper to be heard by the jury. Adams' Equity, 33; Lyonv. Akin, 78 N.C. 258; Clement v. Clement, 54 N.C. 184.
Judgment Reversed.