MARGARET E EVANS v. W. E. CULLENS, Sheriff, et al.

(Decided February 22, 1898.)

*Husband and Wife—Conveyance to Wife of Land Purchased by Husband—Trustee—Superior Court Clerk —Practice.*

1. At a sale of land for partition, E became the purchaser, complied with the terms of sale, and title was ordered to be made to him, but, at his direction and without assignment of the bid, conveyance was made to his wife and registered. Thereafter he claimed no interest in the land. Twenty years afterward, the plaintiff extended credit to the husband. *Held* that, in the absence of fraud or preexisting indebtedness of the husband, the wife will not be declared a trustee of the land for her husband so as to subject it or its rents and profits to the payment of debt of a creditor, who had notice of the status of the property when he extended credit to the husband.

2. The Court condemns the practice by which a Superior Court Clerk appoints himself as Commissioner to sell land, and confirms his own report of sale.

CIVIL ACTION to recover possession of a lot of tobacco seized by the defendant Cullens, as sheriff, under an execution against the husband of the plaintiff, tried at Spring Term, 1898, of HERTFORD Superior Court.

The land on which the tobacco was raised was owned by Noah Evans, and occupied as a home for many years

before his death, in 1872, leaving four children, his heirs at law, to whom the land descended. Proceedings were instituted in 1874 to sell this land for partition, and the same was sold.

Media Evans testified that he, at the sale, bought this land for his wife, the plaintiff, and directed the Com missioner to make a deed to her.

Plaintiff claims the land under the said deed, dated April 1, 1876, and registered October 14, 1876; and Media Evans testified that his wife has been in possession of the land ever since the date of the deed, and that she had never rented the land to him. Further, that he and his wife had occupied it together since their marriage, in 1872, up to now; that after the sale, he and his wife continued to occupy and live on said land; and that he, the said Media Evans, used, controlled and managed it, collecting and receiving the rents and profits thereof, with the knowledge and consent of his wife, as he would his own property, and in 1895 rented a crop of tobacco thereon to one Outlaw.

The defendant introduced the record in the special proceedings, referred to in the deed of Gatling, Commissioner, to plaintiff.

In April, 1895, defendant caused execution to issue in the cause of J. W. Perry against Media Evans and his co-defendant Cullens, who sold the tobacco, the subject of this controversy.

The defendant requested the Court to charge as follows:

1. That the said land was the property of Media Evans, defendant in said execution, and that said tobacco was the property of Media Evans.

2. That if Media Evans bought the said tract of land at the partition sale, paid the purchase money, and the

deed was made to Margaret Evans (his wife) without any assignment of his, that the property was still his property, and the plaintiff still held it in trust for him, and the crops were liable for his debts.

3. That the possession of said land by the plaintiff, who was living on it with her husband, was not adverse, and could not ripen into title.

4. That said special proceedings and said deed were void.

His Honor declined so to charge, but told the jury that, upon the evidence in the case, if they believed it, they should answer the first and second issues, "Yes."

The defendants excepted to the refusal of the Court to charge as requested by them, and also excepted to the charge of the Court as given. There was a verdict for the plaintiff, and from the judgment thereon defendants appealed.

*Messrs. George Cowper* and *W. D. Pruden* for plaintiff.

*Messrs. B. B. Winborne* and *Shepherd & Busbee* for defendants (appellants).

FAIRCLOTH, C. J.: Action for the value of a crop levied on by the Sheriff under an execution in favor of a creditor of the husband in 1895. The land and crop are claimed by the plaintiff wife under a deed dated and registered in 1876. The land was sold for partition, and the husband became the purchaser, and complied with the terms of sale, and title was ordered to be made to the purchaser. The commissioner made the deed to the plaintiff, wife of the purchaser, and they have ever since been in possession of the land, which was managed by the husband.

The defendant's contention is that the husband was

the purchaser and paid the money, and that, although the deed was made to the wife, the husband was the owner and had an equitable estate subject to sale under an execution against him. It does not appear whose money was paid, and the husband testified that he purchased the land for his wife, and claims no legal or equitable interest in either the land or the crop. There is no allegation of fraud or bad faith in any part of the transaction, nor that the husband was in debt in 1876.

If the defendant's theory be adopted, there is no one who can insist that the trust be executed, except the husband, and he declines to do so. If the husband paid his own money, and had title made to his wife, it was a gift to her and no one could complain except a pre-existing creditor of the husband. If the execution creditor, about 20 years after the wife's deed was recorded, gave credit to the husband, he did so with notice of the status of the property, and has no cause to complain. Therefore, the exceptions and distinctions made on the argument cannot avail the defendants.

We think this is a proper case in which to express our disapproval of the procedure in the partition proceedings. The petition was before the clerk or probate judge. He adjudged a sale to be necessary, and appointed *himself* commissioner to sell. He made sale and reported the sale to himself, confirmed the same, and ordered himself to make title to the purchaser, and did make it. This is not to be commended. What effect it might have upon some state of facts differing from the present, we do not now consider.

Affirmed.