JOHN JOHNSON v. W. Z. BLAKE et als.

(Decided March 7, 1899).

*Trust—Estate—Married Woman.*

1. The general rule is that trust estates are governed ·by the same rules and limitations that legal estates are.

2. Where land was conveyed in fee simple to a trustee to hold for the sole and separte use of a married woman—to allow her to live upon it, or retain the rents and profits thereof, free from the interest of her present or any future husband, as completely as if she were *feme·sole*—and to sell and reinvest the proceeds in other personal or real estate, to be held upon the same terms and trust as specified herein, and no other: *Held*, that this created a fee simple trust estate in her, which at her death descended to her heirs, and that there was no resulting trust in favor of her husband, although his money may have paid for the land. *Holmes v. Holmes*, 86 N. C., 205.

CIVIL ACTION, to foreclose a land mortgage, tried before *Timberlake, J.*, at February Term, 1898, of WAKE Superior Court.

The plaintiff claimed as mortgagee of Richard Finnell, who had purchased the property from Sion H. Rogers, and had it conveyed to E. A. Johnson, in fee-simple, for the sole and separate use of Mary A. Finnell, his wife. The terms of the trust are quoted in the opinion. The plaintiff claimed that Mrs. Finnell took but a life interest in the trust estate, and that at her death the fee-simple interest reverted to her husband, by reason of his having paid the purchase money. The mortgage was made after her death.

After the execution of the mortgage, the ·heirs of Mrs. Finnell filed a proceeding for the sale of the land for parti-. tion. A commissioner was appointed and made the sale, and

W. Z. Blake became the purchaser.   He also obtained a deed for any outstanding interest from the heirs of Sion H. Rogers.   Richard Finnell and the trustee, E. A. Johnson, are both dead.

At the close of plaintiff's case, the defendant demurred to his evidence, and moved for judgment as in case of nonsuit against the plaintiff.   Motion allowed.

Exception and appeal by plaintiff from the judgment.

*Mr. S. G. Ryan,* for plaintiff (appellant).
*Messrs. W. N. Jones* and *J. H. Fleming,* for defendant.

FURCHES, J.   In 1857 Sion H. Rogers conveyed the land in controversy to E. Johnson in fee-simple, "to hold the same for the sole and separate use of Mary Ann Finnell, wife of Richard Finnell, and to allow her to live upon the same, or retain the rents and profits thereof free from the interest of her present or any future husband as completely as if she were *feme sole,* and to sell and reinvest the proceeds in other personal or real estate, to be held upon the same terms and trust as specified herein and no other."

Rogers, the grantor, Johnson, the grantee, Mary Ann Finnell and Richard Finnell are all dead.   After the death of Mary Ann, Richard Finnell executed a mortgage, conveying said land to the plaintiff as a security for debt, and plaintiff claims under this mortgage.   After the death of both Mary Ann and Richard Finnell, said land was sold by order of Court, as the land of Mary Ann, for partition between her children and heirs-at-law, and defendant became the purchaser at said sale, and claims thereunder.   Defendant has also bought and is the owner of any estate the said Rogers may have had in said land, by way of a resulting trust.   The plaintiff offered Mrs. Jones, former wife of E. Johnson, the

trustee, who testified that after the death of Richard Finnell, she heard her husband say that "Dick Finnell's money paid for the land." Plaintiff also introduced one Thompson, who testified that he "heard Eldridge Johnson (the trustee) say that he held the land for Mary Ann Finnell, but that Richard Finnell's money paid for the land." This witness further testified that he knew Mrs. Finnell and did not think she had any money. This evidence was all objected to by the defendant, but allowed by the Court. Upon this evidence the plaintiff rested his case, and "defendant demurred to the plaintiff's evidence and moved for judgment, as in case of nonsuit."

Defendant's motion was allowed and plaintiff appealed from the judgment pronounced.

The defendant's exceptions to evidence can not be considered, for the reason that he did not appeal.

The plaintiff contends that the deed from Rogers to Johnson only declared a trust in Mrs. Finnell for life, and that this evidence proved or tended to prove that Richard Finnell, under whom he claims, paid the purchase money, and that upon the death of Mrs. Finnell he became the owner of this land, as the presumptive or resulting *cestui que trust,* and that it was error in the Court not to submit an issue to the jury as to whether Richard Finnell paid the purchase money or not.

We can not say that this evidence (its admissibility being out of the way) did not *tend* to prove that Richard Finnell paid the purchase money. Therefore if it was material for the plaintiff to prove that Richard paid the purchase money, there was error in the Court not to submit it to the jury.

There is no question but what the deed from Rogers to Eldridge Johnson conveyed the legal estate in fee-simple and that a trust was declared in favor of Mrs. Finnell. But

whether that trust was in fee-simple or for her life only, is the principal question in the case.

The general rule is that trust estates are governed by the same rules and limitations that legal estates are. But it is said that there are some exceptions to this general rule. *Holmes v. Holmes,* 86 N. C., 205. In that case the legal estate was conveyed in fee-simple to trustees "in trust for Sarah Moore," and it was held that this created a fee-simple trust estate in Sarah. If this case is controlled by *Holmes v Holmes,* Mrs. Finnell had the fee-simple estate and the plaintiff can not recover.

But the plaintiff says that this case is not controlled by *Holmes v. Holmes;* that the terms creating the trust in this case differ from those contained in that case; that they are substantially the same as those creating the trust in *Livey v. Griffis,* 65 N. C., 236, and that this case is governed by *Livey v. Griffis.*

In *Livey v. Griffis* the legal estate is conveyed in fee-simple to Briggs " in trust for the sole, separate and exclusive use and benefit of Caroline Nicholson, free from the control of her present or any future husband, *with the right of the said Caroline to dispose of the said piece or lot of land* to any person she may wish by *deed or appointment in writing in the nature of a will."* Anderson Nicholson was the husband of Caroline when this deed was made, and paid the purchase money. Anderson died intestate, and then Caroline died intestate without having made any disposiiton of said land. The plaintiff was a daughter of the said Anderson and his heir-at-law, and the defendant was a son of said Caroline and her heir-at-law. It was held that Caroline had only a life estate coupled with a power of appointment which she never exercised; and that, as Anderson paid the purchase money, the trust "resulted" to him, and the plaintiff being his heir

was entitled to the land. If Livey's case controls the case under consideration, the plaintiff is entitled to the land.

It will be observed that the language used in the deed under consideration differs to some extent from that used in *Holmes v. Holmes,* and also from that used in *Livey v. Griffis.* In Holmes' case the declaration of the trust was simply "to Sarah Moore" and this was held to pass the fee-simple. In Livey's case it was to the separate use and benefit of Caroline Nicholson, free from the control of her present or future husband, with the power to dispose of the fee simple in writing, as by will. It will be seen that the trust estate in Caroline is limited to a life estate, by giving her the power to convey the estate in fee-simple by deed, or in writing, as by will. This power of appointment is inconsistent with the idea that she was the fee-simple owner, and by implication limits the trust estate to an estate for life.

In the case under consideration, the fee-simple in the legal estate is conveyed to the trustee Johnson "to hold the same for the sole and separate use of Mary Ann Finnell, wife of Richard Finnell, and to *allow her* to live upon the same, or retain the rents and profits thereof free from the interest of her present or any future husband, as completely as if she were *feme sole,* and to sell and reinvest the proceeds in other personal and real estate, to be held upon the same terms and trust as specified herein, and no other."

This declaration of trust to Mrs. Finnell contains more words than are contained in the declaration of "trust to Sarah Moore" in *Holmes v. Holmes.* But none of them, by construction or implication, in any way limit her estate. She is to do nothing. Whatever is to be done is to be done by the trustee, and not by her. The trustee may allow her to live upon the trust estate, to receive the rents and profits, and the trustee may sell and reinvest in other properties, but he

---

is to hold the new estate (if a sale and reinvestment should take place) under the same trusts and conditions as the original trust, and no other.

As we find nothing in this deed to limit the trust estate to Mrs. Finnell, it seems to us that it falls within the rule declaring the trust estate in *Holmes v. Holmes,* and is governed by that case. This being so, Richard Finnell had no estate to convey to the plaintiff and the judgment of the Court below is affirmed.

Affirmed.