### RAY v. LONG.

#### (Filed April 2, 1901.)

HUSBAND AND WIFE—*Separate Estate—Ejectment—Trusts.*

> Where a marriage has taken place since 1868, a husband who invests money of his wife in land, taking title to himself, becomes a trustee for her.

ACTION by H. M. Ray and Elizabeth Ray, his wife, against J. A. Long, heard by Judge *W. A. Hoke* and a jury, at September Term, 1900, of ALAMANCE County Superior Court.

J. A. Long purchased the land in controversy on an execution sale to satisfy a judgment docketed against H. M. Ray. In an action brought on the ejectment, sale, and deed. H. M. Ray was ejected from the land, and the defendant Long put in possession under writ of the Court. H. M. Ray and wife then instituted this action, contending that the wife, Elizabeth Ray, had paid part of the purchase-money, under which her husband, H. M. Ray, had bought and taken a deed for land, and, under the circumstances attending the sale, was entitled to have a trust declared in her favor for seven-eighths of the same. On amended complaint filed by leave of Court, plaintiff declared in ejectment for the whole tract of land, and contended that H. M. Ray and wife Elizabeth had bought land together, and held the same, as husband and wife, by entries, and that, holding the land in this way, the same was not subject to sale under execution on a judgment against H. M. Ray, the husband. From a judgment for the defendant, the plaintiffs appealed.

*J. W. Graham* and *R. D. Douglas,* for the plaintiffs.
*E. S. Parker,* for the defendant.

CLARK, J. Exceptions 4 and 5 must be sustained. It was error when his Honor told the jury, "If, when the land was

bought and deed taken from Thomas H. Long, if it was done *under an agreement* that husband and wife were to hold by entireties," or "to hold an interest in the land according to the amount of her payment," the wife was entitled to the land, or the half thereof (as the case might be). The marriage having taken place since 1868, he should have said to the jury, as laid down in *Kirkpatrick v. Holmes,* 108 N. C., 206, and approved in *Ross v. Hendrix,* 110 N. C., 405: "If her separate estate went into the hands of her husband, and he invested it in land, taking title in his own name *in the absence of any agreement to the contrary,* a trust would have resulted to her." In *Brisco v. Norris,* 112 N. C., 676, it is said this equitable title was "such as to enable her, upon the strength of it, to recover the land from her husband, or from any one purchasing of him with notice of her rights, or *from any one who had bought the land at a sale under execution against her husband,* for such person would acquire only such title as her husband had."

This renders it unnecessary to consider the other exceptions, since they may not arise on another trial.

New trial.