KELLY SPRINGFIELD TIRE COMPANY AND F. E. WALKER v. W. P. LESTER AND WIFE, FLORENCE LESTER.

(Filed 4 November, 1925.)

**1. Deeds and Conveyances—Fraud—Debtor and Creditor—Trusts.**

The principles of law that will avoid a deed to lands for fraud against the grantor's creditors, does not apply to lands held by the grantor in a resulting trust.

**2. Same—Evidence—Directing Verdict—Nonsuit—Appeal and Error.**

Where in a suit to set aside a deed to lands brought by the creditors of the grantor, the evidence is conflicting as to whether or not he held the naked legal title, or in resulting trust for another, an instruction directing a verdict upon the evidence in plaintiff's favor, is reversible error.

**3. Trusts—Payment of Purchase Money—Title—Deeds and Conveyances.**

Where a purchaser of lands furnishes the money therefor and has the naked legal title conveyed to another, the presumption is, except in conveyances from a husband to his wife, the creation of a resulting trust for the benefit of the one furnishing the purchase price.

**4. Same—Husband and Wife.**

With the proceeds of the sale from his wife's land the husband bought another tract of land, and took title in himself, and thereafter conveyed the legal title to his wife. The creditors of the husband brought suit to set aside this conveyance as fraudulent against them, and the evidence was conflicting as to whether or not the husband held the title in trust for his wife: *Held*, reversible error for the court to direct a verdict upon the evidence in favor of plaintiffs.

**5. Trusts—Resulting Trusts.**

A resulting trust arises: 1, when the purchaser pays the purchase money, but takes title in the name of another; 2, where a trustee or other fiduciary buys property in his own name with trust funds; 3, where the trusts of a conveyance are not declared, or are partially declared or fail; 4, where a conveyance is made without any consideration, and it appears from circumstances that the grantee was not to take beneficially.

**6. Same—Evidence — Quantum of Proof — Instructions — Questions for Jury.**

In order to establish a resulting trust, the proof must be clear, cogent, and convincing, which is for the jury to determine upon the evidence under proper instructions from the court.

**7. Same—Partnership—Principal and Agent.**

In a suit by the creditors to set aside a deed to lands from the husband to his wife as fraudulent against them, it is competent when relevant for the husband to introduce and testify to a financial statement made by himself of a partnership of which he was a member at the time of the transaction complained of upon the question of whether he had retained property sufficient to pay his debts.

APPEAL by defendants from HOKE Superior Court. *Grady, J.*

Action by plaintiffs, judgment creditors of W. P. Lester, against defendants to set aside a deed from W. P. Lester to Florence Lester, his wife, under C. S., 1005, 13 Eliz., ch. 5, sec. 2. From a judgment in favor of plaintiffs on a directed verdict, the defendants appealed.

The plaintiffs are creditors of W. P. Lester, and bring this action to set aside a deed from W. P. Lester to Florence Lester, dated 18 March, 1922, duly registered, and conveying some 190 acres of valuable land.

The defendants allege that W. P. Lester, who was a partner with T. B. Lester, as W. P. Lester & Company, knew nothing of the firm's business, and that T. B. Lester made all contracts, and incurred all the firm debts, and that the deed in controversy was executed by him to his wife, Florence Lester, "upon the consideration and for the purpose of conveying to her her rightful interest in said property according to the amount of money expended by W. P. Lester for her in the purchase of the lands conveyed," and denied the fraud and other material allegations, but admitted the debts sued on.

The defendants' evidence tended to show that W. P. Lester was the husband of Florence Lester, and was connected with W. P. Lester and Company as a partner, but had nothing to do with the management of the garage business and knew nothing of the company's status, but admitted the execution of the deed to his wife; that upon the death of Florence Lester's father, she received $1,100.00, which she "let me have in reference to settling up some debts," about 20 years ago; that this money was used in paying for the mortgage on the place on which they were then living in South Carolina; that the money used in buying land in controversy "belonged to my wife and myself. I thought she ought to have half of it. She was not liable for any of the indebtedness that I paid, the $1,400 mortgage. That was not my individual indebtedness, but some that I stood for." That W. P. Lester did not own any property after he made the conveyance in controversy.

It was admitted that, about 20 years ago, certain lands of Mrs. Lester were sold in South Carolina for $1,100 and this money was used by W. P. Lester in buying various tracts of land, upon which larger profits were made, and that this money was used in buying lands in controversy. No claim was made that any actual money was paid at the time of this last purchase by Mrs. Lester.

The defendants excepted to the admission of the financial statement given by W. P. Lester & Company through T. B. Lester, one of the partners, to R. J. Dun & Company, a mercantile agency, and to the refusal of the court to allow their motion for judgment as of nonsuit made in apt time.

The court submitted the following issues:

"1. Was the deed from W. P. Lester to his wife, Florence Lester, made in consideration of a preëxisting debt, due by said W. P. Lester to his said wife?

"2. Was there, at the time of said deed, any present valuable consideration moving from said Florence Lester, to W. P. Lester?

"3. At the time of the execution of said deed, did W. P. Lester reserve to himself property fully sufficient and available for the satisfaction of his then creditors?"

There was evidence tending to show the contentions of the plaintiffs.

The court charged the jury that, if they found the facts to be true as testified to by all the witnesses, to answer the first issue "Yes," the second issue "No," the third issue "No." Defendants excepted to these directions. The jury rendered a verdict as directed, and from a judgment declaring the deed void, the defendants excepted and appealed.

*H. W. B. Whitley and J. W. Currie for plaintiffs.*
*G. B. Rowland and Smith & McQueen for defendants.*

VARSER, J. The evidence tends to sustain the contentions of both plaintiffs and the defendants, and therefore appropriate issues must be submitted to the jury in order for the facts to be determined.

The principles relating to fraudulent conveyances are set out in *Aman v. Walker,* 165 N. C., 227, by the late *Justice Allen,* as follows:

"(1) If the conveyance is voluntary, and the grantor retains property fully sufficient and available to pay his debts then existing, and there is no actual intent to defraud, the conveyance is valid.

"(2) If the conveyance is voluntary, and the grantor did not retain property fully sufficient and available to pay his debts then existing, it is invalid as to creditors; but it cannot be impeached by subsequent creditors without proof of the existence of a debt at the time of its execution, which is unpaid, and when this is established and the conveyance avoided, subsequent creditors are let in and the property is subjected to the payment of creditors generally.

"(3) If the conveyance is voluntary and made with the actual intent upon the part of the grantor to defraud creditors, it is void, although this fraudulent intent is not participated in by the grantee, and although property sufficient and available to pay existing debts is retained.

"(4) If the conveyance is upon a valuable consideration and made with the actual intent to defraud creditors upon the part of the grantor alone, not participated in by the grantee and of which intent he had no notice, it is valid.

"(5) If the conveyance is upon a valuable consideration, but made with the actual intent to defraud creditors on the part of the grantor, participated in by the grantee or of which he has notice, it is void."

These principles are approved in the following authorities: *Black v. Sanders,* 46 N. C., 67; *Warren v. Makely,* 85 N. C., 14; *Credle v. Carrawan,* 64 N. C., 424; *Worthy v. Brady,* 91 N. C., 268; *Savage v. Knight,* 92 N. C., 498; *Clement v. Cozart,* 112 N. C., 420; *Hobbs v. Cashwell,* 152 N. C., 188; *Powell v. Lumber Co.,* 153 N. C., 58; *Cox v.*

*Wall,* 132 N. C., 730; *Morgan v. Bostic,* 132 N. C., 743; *Michael v. Moore,* 157 N. C., 462; *Pennell v. Robinson,* 164 N. C., 257; *Smathers v. Hotel Co.,* 168 N. C., 69, 70; *Garland v. Arrowood,* 177 N. C., 371; *Bank v. Pack,* 178 N. C., 391.

These principles, however, relate to fraudulent conveyances of land that is the property of the grantor therein, and do not apply to the conveyance of property held by a mere naked trust, for another who is, in equity, the real, or beneficial, or equitable owner.

The evidence in the case at bar is ample to sustain the verdict under a proper charge which submits to the jury the contentions in the complaint, and in the answer.

However, if there is a resulting trust in favor of the defendant, Florence Lester, by virtue of the payment of the purchase money out of *her* funds, then W. P. Lester has no such beneficial interest in the McNair lands as may be subjected to the payment of W. P. Lester's debts.

A trust for the sole benefit of another does not support dower for the trustee's widow (*Hendren v. Hendren,* 153 N. C., 505; *Pridgen v. Pridgen, ante,* 102), and the trustee has no such interest in the land as may be subjected to the payment of *his* debts. Mordecai's Law Lectures, 312, 314, 316, 787, 987, 997; *Thurber v. LaRoque,* 105 N. C., 301; *Arrington v. Arrington,* 114 N. C., 116; *Evans v. Cullens,* 122 N. C., 55.

If a resulting trust is established the McNair land is, *ab initio,* the estate, the interest, the property of Florence Lester, and is liable for her debts, as provided by law, and subject to her right of alienation. Mordecai's Law Lectures, 997, 998, *et seq.; Holmes v. Holmes,* 86 N. C., 205, 208; *Bank v. Clapp,* 76 N. C., 482; *Miller v. Bingham,* 36 N. C., 423; *Rouse v. Rouse,* 167 N. C., 211; *Harris v. Harris,* 42 N. C., 116; *Carson v. Carson,* 62 N. C., 58; *Cheatham v. Rowland,* 92 N. C., 344; *Hollowell v. Manly,* 179 N. C., 264; *Whichard v. Whitehurst,* 181 N. C., 80; *Bond v. Moore,* 90 N. C., 242; *Dover v. Rhea,* 108 N. C., 92; *Fulbright v. Yoder,* 113 N. C., 457; *Clark v. Cox,* 115 N. C., 96; *Helms v. Austin,* 116 N. C., 753; *Wilson v. Leary,* 120 N. C., 91; *Allen v. Baskerville,* 123 N. C., 127; *Johnson v. Blake,* 124 N. C., 109, 111; *Smith v. Proctor,* 139 N. C., 319; *Gaylord v. Gaylord,* 150 N. C., 237.

Hence there arises the inquiry whether, upon any view of the evidence, taken in its most favorable light for the defendant, Florence Lester, a resulting trust arises. We are of the opinion that, when so considered, it does arise. *Lord Chief Baron Eyre* in *Dyer v. Dyer,* 2 Cox, ch. 93, gives the nature of resulting trusts of the kind invoked

as follows: "The clear result of all the cases, without a single exception, is that the trust of a legal estate, whether taken in the name of the purchaser, and others jointly or in the names of others without the purchaser, whether in one or several, whether jointly or successive, results to the man who advances the purchase money."

The classes of resulting trusts may be stated thus:

(1) Where a purchaser pays the purchase money, but takes the title in the name of another; (2) where a trustee or other fiduciary buys property in his own name, but with trust fund; (3) where the trusts of a conveyance are not declared, or are only partially declared, or fail; and (4) where a conveyance is made without any consideration, and it appears from circumstances that the grantee was not intended to take beneficially. *Williams v. Williams,* 108 Iowa, 91; *Avery v. Stewart,* 136 N. C., 426; Bispham's Equity (9 ed.), 146.

The first class of resulting trusts as defined by *Lord Chief Baron Eyre* is the kind of trust set up by defendant. It is in force in this State, as well as in the other courts of this country, except where modified by statutory enactment. *Cobb v. Edwards,* 117 N. C., 246; *Sherrod v. Dixon,* 120 N. C., 63; *Gorrell v. Alspaugh,* 120 N. C., 367; *Hughes v. Pritchard,* 122 N. C., 61; *Owens v. Williams,* 130 N. C., 168; *Sykes v. Boone,* 132 N. C., 203; *Gaylord v. Gaylord,* 150 N. C., 227; *Lehew v. Hewett,* 138 N. C., 11; *Ferguson v. Haas,* 64 N. C., 776; *Shields v. Whitaker,* 82 N. C., 520; *Holden v. Strickland,* 116 N. C., 191.

The payment of the purchase money raises a resulting trust in favor of him who "furnishes" or "pays" or "owns" the purchase money, unless a contrary intention, or a contrary presumption of law, prevents. *Holden v. Strickland, supra; Leggett v. Leggett,* 88 N. C., 108; *Thurber v. LaRoque, supra; Cobb v. Edwards, supra; Henderson v. Hoke,* 21 N. C., 119; *Moseley v. Moseley,* 87 N. C., 69; *Norton v. McDevit,* 122 N. C., 755; Perry on Trusts and Trustees (6 ed.), 184, sec. 125 *et seq.;* Bispham's Equity, *supra; Rush v. McPherson,* 176 N. C., 562; *Harris v. Harris,* 178 N. C., 7. This trust arises between husband and wife, in favor of the wife, when land was deeded to both husband and wife. *Deese v. Deese,* 176 N. C., 527; *Ross v. Hendrix,* 110 N. C., 403; *Houck v. Somers,* 118 N. C., 607; *Ricks v. Wilson,* 154 N. C., 282; *Ray v. Long,* 128 N. C., 90; *Cunningham v. Bell,* 83 N. C., 328; 6 L. R. A. (N. S.), 383, citing many cases in this, and other states, in which this same rule has been held to apply. Consent that title be made in another's name did not prevent a resulting trust in *Summers v. Moore,* 113 N. C., 394.

The contrary rule applies to the husband because the law presumes he made the deed to his wife as a gift. *Nelson v. Nelson,* 176 N. C., 191; *Singleton v. Cherry,* 168 N. C., 402.

Even when a part payment is made the trust results *pro tanto* in favor of the owner of the funds. *McWhirter v. McWhirter* 155 N. C., 145; *Keaton v. Cobb*, 16 N. C., 439.

The doctrine of resulting trusts is plainly set forth by *Mr. Justice Adams* in *Tyndall v. Tyndall*, 186 N. C., 272.

In order to establish a resulting trust, the proof must be clear, cogent and convincing. *Harris v. Harris, supra; Glenn v. Glenn*, 169 N. C., 729; *Summers v. Moore, supra; McWhirter v. McWhirter*, 155 N. C., 145; *Hendren v. Hendren*, 153 N. C., 505; *Wilson v. Brown*, 134 N. C., 400.

When properly submitted to the jury they determine whether the proof measures up to this test. *McWhirter v. McWhirter, supra; Lehew v. Hewett*, 130 N. C., 22; *Cobb v. Edwards, supra; Hemphill v. Hemphill*, 99 N. C., 436; *Earnhardt v. Clement*, 137 N. C., 95; *Ray v. Long*, 132 N. C., 894; *Jones v. Warren*, 134 N. C., 392; *Avery v. Stewart*, 136 N. C., 431; *Davis v. Kerr*, 141 N. C., 19; *Taylor v. Wahab*, 154 N. C., 219; *Cuthbertson v. Morgan*, 149 N. C., 76; *Archer v. McClure*, 166 N. C., 140, 148; *Lefkowitz v. Silver*, 182 N. C., 349; *Cunningham v. Bell, supra*.

Applying the foregoing principles; and viewing the evidence as we are required to do in a case of directed verdicts and involuntary nonsuits, we are constrained to hold that there was error in directing a verdict in favor of the plaintiffs on the first issue, but there is no error in directing a verdict in favor of the plaintiffs on the second and third issues. The defendant, Florence Lester, is entitled to have an issue submitted to the jury to determine whether she is the owner of the lands in controversy by virtue of a resulting trust arising from the payment of the purchase money out of her funds, in whole or in part.

This disposes of the defendants' exceptions, save the competency of the financial statement given by the firm of W. P. Lester & Company, through T. B. Lester, which was offered in evidence. This evidence, in our opinion, was competent, upon plaintiffs' contentions that this transaction was a voluntary conveyance by the defendant, W. P. Lester, of his only property to his wife, Florence Lester, to hinder, delay and defraud creditors. *Bank v. Odom*, 188 N. C., 672; 2 Wigmore on Evidence (2 ed.), sec. 1077, p. 584. The partnership relations were ample and sufficient to authorize T. B. Lester to make financial statements with reference to their business and the credit status of the firm and *pro hac vice* T. B. Lester was the agent of W. P. Lester and, therefore, the maxim *qui per alium facit per se* applies.

Mrs. Lester's objection to the competency of this statement cannot avail, for that, if the facts come within the principles announced in *Aman v. Walker, supra,* and she paid no valuable consideration for the

27—190

conveyance of her husband's property to her, she is affected by W. P. Lester's acts, however innocent she may be of any knowledge of them. If, however, the resulting trust in her favor is established, she is not affected by W. P. Lester's acts with reference to creditors, and judgment will be entered in her favor.

To the end that a new trial may be had on the first issue and on the plea of resulting trust, the judgment is reversed.

New trial.